The next case on the calendar is Arkun v. Unum Group. May it please the Court, this is Susan Arkun, a plaintiff appellant. I would ask that the Court definitely relies on my papers, which in some respects are clearer, but I did just want to be able to highlight and focus a few things because they maybe can get lost in the papers and the procedural history. One of the main problems is that the district court decision didn't take into account, I don't think the proper law and facts as it responds to this case, and that's just an offense I think to the Court, precedent, and also my own situation. At its heart, it dealt with an issue of the statute of limitations in this disability policy, and it relied in part on the appellee's insistence of a Supreme Court case which dealt with the issue, but the facts and the law were in opposite to mine. In particular, there's this issue that the district court for some reason didn't even focus on, which was the proof of loss, and part of the problem is that I wasn't able to address the lower court decision and have the type of input that I had wanted to due to my illness and my papers to the court have three specific, I mean I think you can get this from the papers, but I just want to highlight proof of loss is a defined term in my policy, and it's written evidence that a person is disabled and entitled to benefits. Then the time limits on filing the proof of loss is that a covered person must give us proof of loss within 90 days after the end of the elimination period, and then it says if they can't, that can be extended another year. And if proof of loss is filed outside these time limits, their claim will be denied. The elimination period is the length of time before benefits are payable. The person has to be continuously disabled, and it starts on the date of disability, which for me was in 1999, and continues for until retirement age. I don't think the issue in this case has anything to do with, at least as I understand it, with the timing up to the proof of loss. It does, because the elimination period is 180 days. So time- Let's assume that you filed your proof of loss in a timely manner. Exactly, which I did, and the whole thing was completed by early 2000, 1999, whenever it was. I thought it was the proof of loss, the last possible arguable date for the proof of loss would have been October 6th of 2008. No, that's the whole issue. Proof of loss is defined as evidence that the person is disabled and entitled to benefits. Time limits on proof of loss is just a one-time thing. You must give proof of loss within 90 days after the end of the elimination period. The proof of loss was filed, submitted. 90 days, it was submitted within 90 days after the end of the elimination period, which was six months from my date of disability. Right. So it was submitted, I don't have the date in front of me, but it was the end of 1999 or the beginning of 2000. So your argument is that because of the defined terms in this agreement, the statute of limitations is just not applicable. Exactly. Because you filed an initial proof of loss, but then we're talking now about a later circumstance where benefits were discontinued at some point. And you had further dealings. Exactly. Those don't fall within the language of that agreement, so the three-year statute of limitations that that agreement provides for shouldn't apply. Yes. And I think the Supreme Court case was something also where a lot of these cases are suits brought from the initial time period. Why would the three years or six years be different from that point of view? Because if you go, what do you mean three years or six years? Isn't that the statute of limit, the normal statute would be six years. Right. The contractual one, if it applies, is three years. Right. Why would that be any different because of all the things that you've told us before? Doesn't that go to the time that you sue from the time that they refuse to pay? And why is that changed? I mean, I think that's what the district court went on below. I don't know, because they didn't really seem to address the issue. And they seem to, from my reading of their decision, they seem to just be conflating, especially because UNUM didn't flag to them this defined language and the elimination period, which I think clarifies that the fact that the action can't be brought more than three years after the earlier of the date we receive proof of loss or the end of the period it was required to be given would have meant I could never sue after 2002. In the meantime, this issue arose in 2004. So I think that's why the three years simply doesn't apply. Statute of limitations applicable to the- I'm sorry, can you say that again? Why wouldn't there be a statute of limitations applicable after the suit arose, the circumstances? There is, but there's not one covered in my actual insurance contract, so it would be the six year statute of limitations. Why doesn't the one in the contract apply just as much to the moment when they decline payment? Well, for a few reasons. One, which is that contracts, especially for a matter like that, need to be construed against the drafter, which is UNUM, certainly not me. Two, there should be clarity, so that if I can't see that, then how is that any good? And three, by its very words and common sense, it simply does not apply. It doesn't say any action brought at any time during disability payments for the extent of the disability will always have to be brought three years after any time we ever deny to continue paying you. It doesn't say that. It's a very specifically time period, which is three years from the date you gave or should have gave loss, which has to be within six months and maybe a year of when you became disabled. That's a fixed period. It simply doesn't apply down the line. And I do also really want to stress how they consistently, sort of knowingly, put me in this situation where I'm a vulnerable person. They had a fiduciary responsibility. They just, I had consistently supplied them with doctor's letters of disability, and they misrepresented things to the lower court, so that the lower court put in their decision. Saying, for example, that I hadn't contacted them since UNUM, since like 2004, but I had sent them long letters in response to their denial. So not only did I send them up until this year, for these whole 18 years, my disability statements. And again, that long delay was not my fault. They didn't send the testing to my own neurocognitive tester, so he didn't get a chance to reply. But there's certain basic things, like the test results were essentially the same the second time as the first time. The first time they were forced, after making me wait three years with no money, to grant it, because they said I never had cognitive testing. I said, nobody told me about it, I don't know about it. I'm sorry. Thank you for your argument. I think your time has expired, and I think we understand the thrust of your argument, and we have your papers. And we're going to take the matter under advisement. The district court decided on a limitations period question, and we'll look at it very closely. Thank you very much. Thank you both.